DOWNEY BRAND LLP
JOHN C. McCARRON (Bar No. 225217)
jmccarron@downeybrand.com
621 Capitol Mall, 18th Floor
Sacramento, California 95814
Telephone: 916.444.1000
Facsimile: 916.444.2100

Attorneys for Defendant
AGRO RESEARCH INTERNATIONAL LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| JESUS ROMERO; KEN BERNARDS; PETER HOFFMANN; LUCIA HOSSFELD; TIM PORTER; HOSSFELD VINEYARDS.; HOSSFELD VINEYARDS WINE CO.; and PORTER FAMILY VINEYARDS, LLC, individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>AGRO RESEARCH INTERNATIONAL LLC; ANDAMAN AG CORPORATION; WILBUR-ELLIS COMPANY, LLC.; and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No. 3:21-cv-00518-JD<br><br>**THIRD-PARTY COMPLAINT BY AGRO RESEARCH INTERNATIONAL LLC** |
| AGRO RESEARCH INTERNATIONAL LLC, a Florida limited liability company,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>SENTINEL BIOLOGICS INC , a Texas Corporation; and ROES 1-50, inclusive,<br><br>Third-Party Defendants. | |

DOWNEY BRAND LLP

Pursuant to Federal Rule of Civil Procedure 14(a) Defendant and Third-Party Plaintiff Agro Research International LLC, a Florida limited liability company, ("ARI") complains of Third-Party Defendant Sentinel Biologics Inc., a Texas corporation, ("Sentinel") and alleges as follows:

**GENERAL ALLEGATIONS**

1. The jurisdiction of this Court over the subject matter of this action is predicated on supplemental jurisdiction under 28 U.S.C. §1367(a) because this action arises out of the same transactions and occurrences that are the subject matter of Plaintiffs' original action against ARI, as provided by Federal Rule of Civil Procedure 14(a)).

2. Venue of this third-party complaint is proper in this court pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the third-party complaint occurred in this district.

3. ARI is, and at all times mentioned herein was, a Florida limited liability company.

4. ARI is informed and believes and thereon alleges that Sentinel is, and at all times mentioned herein was, an Texas corporation.

5. ARI is ignorant of the true names of third-party defendants ROES 1 through 50 ("ROE Third-Party Defendants"), inclusive, and has therefore sued them by the foregoing names which are fictitious, and is informed and believes and thereon alleges, that the ROE Third-Party Defendants are legally responsible in some manner for the occurrences herein alleged and legally and proximately caused damages to ARI as hereafter alleged. ARI will amend the Third-Party Complaint when the ROE Third-Party Defendants' true names and capacities are ascertained. Each reference in this Third-Party Complaint to "Third-Party Defendants" or a specifically named third-party defendant refers also to all third-party defendants sued under such fictitious names.

6. ARI is informed and believes, and on that basis alleges, that at all times relevant herein, Sentinel, and ROES 1-50 (collectively "Third-Party Defendants"), were and are the agent, employee, and partner of each of the remaining Third-Party Defendants, and were, in performing the acts complained of herein, acting within the scope of such agency, employment, or partnership authority.

7. At all relevant times, ARI sold the product which is the subject of Plaintiffs' underlying complaint.

8. The product consists of two parts. Part A, produced, packaged and sold by ARI, is known by the trade name "Weed Slayer". It is made up of Eugenol, water, and molasses. ARI is informed and believes, and on that basis alleges that there have been no allegations that Part A contains synthetic chemicals such as Diquat and Glyphosate.

9. Part B is a biological amendment that is produced by Sentinel in Texas, and is shipped to ARI in Florida in a powdered form. From there, ARI added water, and then packaged and sold the resulting product as "Agro Gold WS".

10. ARI ordered the biological amendment powder for Agro Gold WS from Sentinel and Sentinel designed the formulation. At all relevant times, ARI informed Sentinel that Agro Gold WS was being marketed as an organic product that must be free of synthetic herbicides. At no time did Sentinel ever inform ARI that Agro Gold WS contained Diquat or Glyphosate.

11. On December 4, 2020, the California Department of Food and Agriculture ("CDFA") announced that lab analysis of Agro Gold WS "detected the presence of Diquat and Glyphosate, which are substances prohibited by the U.S. Department of Agriculture (USDA) National Organic Program for use in organic production." Prior to CDFA informing ARI of these results, ARI had no knowledge that Agro Gold WS contained Diquat or Glyphosate.

12. Accordingly, the CDFA issued a Stop Use Notice and Statewide Quarantine and Removal from Sale Order for Agro Gold WS to all organic operations in California. ARI has complied with CDFA's Notice and Order since it was issued.

13. On January 21, 2021, Plaintiffs filed a class action complaint against ARI in the underlying action (Case No. 4:21-cv-00518-DMR). The operative first amended class action complaint (the "Complaint") alleges damages for Violation of Cal. Bus. Prof. Code §§ 17500, *et seq.*, Violation of Cal. Bus. Prof. Code §§ 17200, *et seq.*, Violation of Cal. Civ. Code §§ 1750, *et seq.*, Fraud—Intentional Misrepresentation. Solely for the purpose of describing the nature of the allegations of Plaintiffs' Complaint on file, ARI refers to Plaintiffs' Complaint and by this reference incorporates the allegations contained therein.

DOWNEY BRAND LLP

**FIRST CAUSE OF ACTION**

**(Implied and Equitable Indemnity against All Third-Party Defendants)**

14. ARI re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 13 of the above third-party complaint.

15. Plaintiffs' Complaint alleges, among other things, conduct allegedly entitling Plaintiffs to an award of damages against ARI, if any such damages can be proved.

16. ARI is informed and believes and thereon alleges that Sentinel, as the producer of Agro Gold WS, was an active participant in the transactions and/or occurrences at issue in Plaintiffs' Complaint, and is responsible totally, or in part, for the damages, if any, allegedly sustained by Plaintiffs.

17. In the event that ARI is found in some manner liable to Plaintiffs or any other individual or entity, either by judgment, settlement or otherwise as a result of the events and occurrences described in Plaintiffs' Complaint or any other Complaints which may be filed herein, ARI's liability is based solely upon a derivative, vicarious, or imputed form of liability, not resulting from its own conduct, but instead based upon an obligation imposed upon it by law. Therefore, in the event that ARI is found in any manner liable, such liability was proximately caused by the acts or omissions of Sentinel, ARI is entitled to recover indemnity, whether total or partial, equitable or implied, including attorneys' fees and costs, from Sentinel.

**SECOND CAUSE OF ACTION**

**(Contribution against All Third-Party Defendants)**

18. ARI re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 17 of the above third-party complaint.

19. In equity and good conscience, if Plaintiffs or any other individual or entity recover against ARI, then ARI is entitled to an apportionment of liability and contribution among and from Third-Party Defendants, and each of them, according to their respective liability or fault, for the injuries and damages allegedly sustained by Plaintiffs or any other individual or entity, if any, by way of any and all sums paid through settlement, or in the alternative, judgment rendered against ARI in the underlying action.

DOWNEY BRAND LLP

WHEREFORE, ARI prays for relief and demands judgment as follows:

1. For reasonable costs and attorney's fees incurred in defending against Plaintiffs' Complaint;

2. For damages in the amount of any judgment in favor of Plaintiffs against ARI;

3. For costs of suit incurred herein including reasonable attorneys' fees to the maximum extent allowed by law; and

4. For such other and further relief as the court may deem just and proper.

DATED: June 8, 2021

DOWNEY BRAND LLP

By: /s/ John C. McCarron
JOHN C. McCARRON
Attorneys for Defendant and Third-Party Plaintiff
AGRO RESEARCH INTERNATIONAL LLC

DOWNEY BRAND LLP

# PROOF OF SERVICE

**Romero, et al. v. Agro Research Int'l LLC, et al.**
**Case No. 3:21-cv-00518-JD**

**STATE OF CALIFORNIA, COUNTY OF SACRAMENTO**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Sacramento, State of California. My business address is 621 Capitol Mall, 18th Floor, Sacramento, CA 95814.

On June 8, 2021, I served true copies of the following document(s) described as **THIRD-PARTY COMPLAINT BY AGRO RESEARCH INTERNATIONAL LLC** on the interested parties in this action as follows:

GERY ZACHER
FLETCHER C. ALFORD
KEVIN LIU
GORDON REFS SCULLY MANSUKHANI, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054
E-mail: gzacher@grsm.com
E-mail: falford@grsm.com
E-mail: kliu@grsm.com

Attorneys for Defendant
WILBUR-ELLIS COMPANY, LLC

Robert S. Arns, Esq.
Jonathan E. Davis, Esq.
Shounak S. Dharap, Esq.
Katherine A. Rabago, Esq.
THE ARKS LAW FIRM
A Professional Corporation
515 Folsom Street, 3rd Floor
San Francisco, CA 94109
Telephone: (415) 495-7800
Facsimile: (415) 495-7888
E-Mail: rsa@arnslaw.com
E-Mail: jed@arnslaw.com
E-Mail: ssd@arnslaw.com
E-Mail• kar@arnslaw.com

Attorneys for Plaintiffs

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 8, 2021, at Sacramento, California.

/s/ Sandy Russell
Sandy Russell