NEWMEYER & DILLION LLP
JOHN E. VAN VLEAR, CBN 132098
John.VanVlear@ndlf.com
JOSHUA B. BEVITZ, CBN 221404
Joshua.Bevitz@ndlf.com
BRANDON A. CLOUSE, CBN 293102
Brandon.Clouse@ndlf.com
1333 N. California Blvd., Suite 600
Walnut Creek, California 94596
(925) 988-3200; (925) 988-3290 (Fax)

Defendants SENTINEL BIOLOGICS, INC.,
a Texas Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA –SAN FRANCISCO DIVISION

| | |
|---|---|
| JESUS ROMERO; KEN BERNARDS; PETER HOFFMANN; LUCIA HOSSFELD; TIM PORTER; HOSSFELD VINEYARDS.; HOSSFELD VINEYARDS WINE CO.; and PORTER FAMILY VINEYARDS, LLC, individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>AGRO RESEARCH INTERNATIONAL LLC; ANDAMAN AG CORPORATION; WILBUR-ELLIS COMPANY, LLC.; and DOES 1 to 100, inclusive,<br><br>Defendants. | CASE NO.: 3:21-cv-00518-JD<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT SENTINEL BIOLOGICS, INC.'S MOTION TO DISMISS**<br><br>Date: September 30, 2021<br>Time: 10:00 a.m.<br>Judge: James Donato<br>Courtroom: 11 |
| AND ALL RELATED CROSS-ACTIONS. | FILE DATE: June 8, 2021<br>TRIAL DATE: None |

///

///

///

///

///

# TABLE OF CONTENTS


Page

1. INTRODUCTION ........ 5
2. FACTUAL BACKGROUND ........ 5
3. LEGAL ANALYSIS ........ 7
   - A. Defendant Sentinel's Motion to Dismiss Should be Granted Because There are No Sufficient Contacts with California to Justify Personal Jurisdiction ........ 7
     - (1) Defendant Sentinel is a Texas Corporation, and Thus California Does Not Have General Jurisdiction ........ 8
     - (2) There are Not Sufficient Minimum Contacts for Specific Jurisdiction ........ 9
       - a. Defendant Sentinel has Not Purposefully Directed Any Activities in California ........ 10
       - b. Personal Jurisdiction Cannot be Created from Mere Stream of Commerce ........ 12
       - c. There is Not Personal Jurisdiction Because Claims Do Not Arise out of Defendants' Forum-Related Activities ........ 14
       - d. Even if Plaintiffs Could Satisfy the First Two Prongs of the Purposeful Direction Test, Which it Cannot, Personal Jurisdiction Would Not Be Reasonable ........ 16
4. CONCLUSION ........ 17


NEWMEYER DILLION

# TABLE OF AUTHORITIES

Page(s)

Cases

*Asahi*,
480 U.S. at ........ 12, 13

*Bancroft & Masters, Inc. v. Augusta Nat., Inc.*,
223 F.3d 1082 (9th Cir.2000) ........ 14

*Boschetto v. Hansing*,
539 F.3d 1011 (9th Cir.2008) ........ 7, 8

*Bristol-Myers Squibb,*
137 S. Ct. ........ 9

*Burger King Corp. v. Rudzewicz,*
471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) ........ 11, 17

*Daimler AG v. Bauman*,
571 U.S. 117 (2014) ........ 8

*Daramola v. Oracle Am., Inc.*,
No. 19-CV-07910-JD, 2020 WL 5577146 (N.D. Cal. Sept. 16, 2020) ........ 8, 9, 16

*Data Disc, Inc. v. Sys. Tech. Assocs., Inc.,*
557 F.2d 1280 (9th Cir.1977) ........ 9

*Doe v. American Nat'l Red Cross*,
112 F.3d 1048 (9th Cir.1997) ........ 14

*Erickson v. Nebraska Mach. Co.,*
No. 15-CV-01147-JD, 2015 WL 4089849 (N.D. Cal. July 6, 2015) ........ 15

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
564 U.S. 915 (2011) ........ 8

*Helicopteros Nacionales de Columbia, S.A. v. Hall*,
466 U.S. 408 (1984) ........ 8

*Holland Am. Line Inc. v. Wartsila N. Am., Inc.*,
485 F.3d 450 (9th Cir. 2007) ........ 13

*J. McIntyre Mach., Ltd. v. Nicastro*,
564 U.S. 873, 131 S. Ct. 2780, 180 L. Ed. 2d 765 (2011) ........ 16

*Lamm ex rel. Doherty v. Bumbo, Bumbo Ltd.,* No. C,
07-04807MHP, 2008 WL 2095770 (N.D. Cal. May 14, 2008) ........ 14

*Mavrix Photo, Inc. v. Brand Technologies, Inc.*,
647 F.3d 1218 (9th Cir.2011) ........ 8

*McMillan Data Commc'ns, Inc. v. AmeriCom Automation Servs., Inc.*,
No. 14-CV-03127-JD, 2015 WL 4380965 (N.D. Cal. July 16, 2015) ........ 9

*Myers v. Bennett Law Offices*,
238 F.3d 1068 (9th Cir.2001) ........ 14

*of Complaint of Star & Crescent Boat Co., Inc. v. Sunsplash Marina LLC,*
No. 321CV00169BENJLB, 2021 WL 2988467 (S.D. Cal. July 15, 2021) ........ 11

*Panavision Int'l, L.P. v. Toeppen*,
141 F.3d 1316 (9th Cir.1998) ........ 8

*Picot v. Weston*,
780 F.3d 1206 (9th Cir.2015) ........ 15, 16

*Schwarzenegger v. Fred Martin Motor Co.*,
374 F.3d 797 (9th Cir.2004) ........ 8, 10

*Shaffer*,
433 U.S. ........ 16

## TABLE OF AUTHORITIES

*Swartz v. KPMG LLP*,
476 F.3d 756 (9th Cir. 2007) ........................................................................ 8
*Walden v. Fiore*,
134 S. Ct. 1115 (2014) ........................................................................ 9, 15
*World-Wide Volkswagen Corp. v. Woodson*,
444 U.S. 286 (1980) ........................................................................ 16
*Yahoo! Inc. v. La Ligue contre le Racisme et L'Antisemitisme*,
433 F.3d 1199 (9th Cir.2006) ........................................................................ 10, 11

Statutes

California Code Civil Procedure section 410.10 ........................................................ 8

Rules

FRCP Rule 12(b)(2) ........................................................................ 5, 7

## 1. INTRODUCTION.

This product misrepresentation case involves California Plaintiffs that allegedly purchased an agricultural herbicide and fertilizer called Weed Slayer in California. Defendant Sentinel Biologics, Inc. ("Sentinel"), who is located and incorporated in Texas, is alleged to have made a component that was reconstituted, repackaged and incorporated into the Weed Slayer product made by Agro Research International, LLC ("ARI"), who is located in Florida.

Defendant Sentinel brings this motion to dismiss pursuant to FRCP Rule 12(b)(2) for lack of personal jurisdiction. Defendant Sentinel has zero contacts with California to allow Plaintiffs to haul it into this forum. Importantly, Defendant Sentinel does not do business in California, does not have any offices in California, does not have any employees in California, does not sell products in California, does not advertise in California, and does not have any other relationship to California other than the fact that a component that it allegedly made was sold to a company in Florida, who later on, without its knowledge or consent, incorporated it into another product that was ultimately sold in California. The unilateral decision by a company in Florida to allegedly incorporate its component into another product and then sell that product in California is insufficient as a matter of law to create personal jurisdiction. Defendant Sentinel respectfully asks this Court to uphold its 14th Amendment right to Due Process and dismiss Defendant Sentinel from this case.

## 2. FACTUAL BACKGROUND.

Plaintiffs allege that they purchased an agricultural herbicide and fertilizer called Weed Slayer in California. (See Second Amended Complaint at ¶¶ 9-16.) Plaintiffs further allege that certain misrepresentations were made to Plaintiffs concerning Weed Slayer being organic and natural. (*Id.* at ¶¶ 40-50.) Plaintiffs further allege that they used Weed Slayer on their vineyards in California and allege that the product in question contains chemicals that prevent the product

NEWMEYER DILLION

from being designated as an organic herbicide. (*Id.* at ¶ 9-16.) Plaintiffs further allege that as a result of using this product they can no longer advertise that their wines are organic and that this has caused them damage. (*Id*.)

Plaintiffs have sued the California distributors, Andaman Ag Corporation and Wilbur-Ellis Company, LLC, who allegedly marketed and sold the products to Plaintiff as organic herbicide. (*Id.* at ¶¶46-53.) Plaintiffs have also sued the Florida manufacturer and maker of Weed Slayer, ARI, who also allegedly marketed and sold the product as organic herbicide. (*Id.* at ¶¶ 34-37.) In its third round of pleading, Plaintiffs have now sued Defendant Sentinel, who is located in Texas, and allege that Defendant Sentinel made a biological amendment, soap, surfactant or adjuvant ("Component") that was sold and shipped to ARI, who later reconstituted the Component and incorporated it into the Weed Slayer product. (*Id.* at ¶¶37-39.) There are no allegations in the Second Amended Complaint that allege that Defendant Sentinel did anything other than make a Component in Texas and ship that product to a Florida company. There are no allegations that Defendant Sentinel did anything in California or that Defendant Sentinel has any connection to California whatsoever. The only connection to California is the Plaintiffs themselves. (See Second Amended Complaint *generally*.)

Defendant Sentinel has zero connections or contacts with California. Defendant Sentinel is a corporation organized under the laws of Texas with its principal place of business in Woodlands, Texas. (Declaration of Marc Rodriquez in Support of Motion to Dismiss ("Rodriquez Decl."), at ¶ 2; see also Second Amended Complaint at ¶ 20 (admitting that Defendant Sentinel is incorporated in Texas and its principal place of business is in Texas)). Defendant Sentinel's headquarters are located in Woodlands, Texas. (*Id.*) All of its employees and offices are located in Texas. (Rodriquez Decl., at ¶¶ 2-3.) Defendant Sentinel is: (1) not domiciled in California; (2) does not conduct business in California; (3) has not sold any products in California or advertised in California; (4) does not have a

physical presence in California; (5) has never done any business in California; (6) has never owned or leased real or personal property in California; (7) does not sell any goods or services in California; (8) does not maintain any books or records in California; (9) does not have any employees working in California; (10) has never maintained a bank account, office, address, directory listing, answering services, or telephone number in California; (11) has never paid any taxes to the State of California; (12) has never been a party to a lawsuit filed in state or federal court in California (other than this lawsuit); (13) has no registered agent for service of process in California; and (14) does not conduct meetings of their Board of Directors, managers, officers, or shareholders in California. (*Id.*)

There are no contacts with California other than the fact that a Component that it allegedly made in Texas was sold and shipped to a company in Florida, who without Defendant Sentinel's knowledge or consent, reconstituted, repackaged, and incorporated that Component into a product that was later sold to California distributors. (Rodriquez Decl., at ¶¶ 4-5.)

Based on the facts above and case law below, the Court should grant Defendant Sentinel's Motion to Dismiss as there are no sufficient contacts to justify personal jurisdiction in California.

## 3. LEGAL ANALYSIS.

### A. Defendant Sentinel's Motion to Dismiss Should be Granted Because There are No Sufficient Contacts with California to Justify Personal Jurisdiction.

Under Federal Rule of Civil Procedure 12(b)(2), a defendant may bring a motion to dismiss on the ground that the court cannot assert personal jurisdiction over that defendant. "In opposition to a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is proper." (*Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir.2008).) If the Court does not require an evidentiary hearing, a plaintiff need only make a prima



NEWMEYER DILLION

facie showing of personal jurisdiction. (*Id.*) Uncontroverted allegations in the complaint must be taken as true, and "[c]onflicts between the parties over statements contained in affidavits must be resolved in the plaintiff's favor." (*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir.2004); *Boschetto*, 539 F.3d at 1015). On the other hand, the Court "may not assume the truth of allegations in a pleading which are contradicted by affidavit." (*Mavrix Photo, Inc. v. Brand Technologies, Inc.*, 647 F.3d 1218, 1223 (9th Cir.2011) (quotation omitted)). Indeed, "bare bones assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden." (*Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007)).

NEWMEYER DILLION

Where, as here, no federal statute authorizes personal jurisdiction, the Court applies the law of the state in which the court sits. (*Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir.1998)). California's long-arm statute, California Code Civil Procedure section 410.10, is coextensive with the limits of the Constitution's due process clause, so the Court need only ensure that that clause permits its jurisdiction. (*Schwarzenegger, supra,* 374 F.3d at 800–01). Personal jurisdiction comes in two varieties, general and specific. (*Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414–415 (1984).)

***(1) <u>Defendant Sentinel is a Texas Corporation, and Thus California Does Not Have General Jurisdiction.</u>***

General jurisdiction exists when a nonresident defendant is domiciled in the forum state or his activities in the forum are "substantial" or "continuous and systematic." (*Panavision*, 141 F.3d at 1320 (internal quotation marks omitted)). General jurisdiction over an individual defendant typically exists only in a defendant's domicile. (See *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011)); see *Daramola v. Oracle Am., Inc.*, No. 19-CV-07910-JD, 2020 WL

5577146, at *2 (N.D. Cal. Sept. 16, 2020).)

Here, Defendant Sentinel does not believe that Plaintiffs are alleging that there is general jurisdiction over Defendant Sentinel to justify personal jurisdiction. However, even if Plaintiffs were to argue there is general jurisdiction, this argument would fail. Indeed, as admitted in Plaintiffs' Second Amended Complaint, Defendant Sentinel is a Texas Corporation with its principal place of business in Woodlands, Texas. Because Defendant Sentinel is not domiciled in California, there is no general jurisdiction over Defendant Sentinel. (See *Daramola v. Oracle Am., Inc.*, No. 19-CV-07910-JD, 2020 WL 5577146, at *2 (N.D. Cal. Sept. 16, 2020).)

***(2) There are Not Sufficient Minimum Contacts for Specific Jurisdiction.***

When, like here, the nonresident defendant's contacts with the forum are insufficiently pervasive to subject him to general personal jurisdiction, the court must ask whether the "nature and quality" of his contacts are sufficient to exercise specific personal jurisdiction over him. (*Data Disc, Inc. v. Sys. Tech. Assocs., Inc.,* 557 F.2d 1280, 1287 (9th Cir.1977); see *McMillan Data Commc'ns, Inc. v. AmeriCom Automation Servs., Inc.*, No. 14-CV-03127-JD, 2015 WL 4380965, at *5 (N.D. Cal. July 16, 2015)). The touchstone for asserting specific jurisdiction over a nonresident defendant is "the relationship among the defendant, the forum, and the litigation." (*Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014) (citation omitted)). To satisfy personal jurisdiction, a plaintiff must demonstrate that his claims arise out of defendants' contacts with this forum on a per-defendant basis. (*Bristol-Myers Squibb,* 137 S. Ct. at 1780-81; see also *Daramola v. Oracle Am., Inc*., No. 19-CV-07910-JD, 2020 WL 5577146, at *2 (N.D. Cal. Sept. 16, 2020)).

A court may exercise specific personal jurisdiction over a nonresident defendant if:

(1) The non-resident defendant must purposefully direct his activities or

consummate some transaction with the forum or resident thereof or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2) The claim must be one which arises out of or relates to the defendant's forum-related activities; and

(3) The exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable. (*Schwarzenegger, supra,* 374 F.3d at 802).

The plaintiff bears the burden of satisfying the first two prongs of the test. (*Id*.) Once the plaintiff carries this burden, the defendant must come forward with a "compelling case" that the exercise of jurisdiction would not be reasonable. (*Id.*)

**a. <u>Defendant Sentinel has Not Purposefully Directed Any Activities in California.</u>**

Of the two tests stated in the first prong, purposeful direction is the one generally used in tort cases[1] and purposeful availment is used for contract cases. (*Yahoo! Inc. v. La Ligue contre le Racisme et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir.2006) (en banc)). The Ninth Circuit has held in order for there to be purposeful direction of activities at the forum state by the defendant, "the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." (*Id*. (internal quotation marks omitted).) Here, as set forth below, none of the required elements for purposeful direction are met.

First, there are no specific allegations in the complaint that Defendant Sentinel misrepresented anything about the Component that it allegedly sold and shipped to ARI. (See Second Amended Complaint *generally.*) The Second Amended Complaint only alleges that Defendant Sentinel designed and

---

[1] Here, Plaintiffs' claims sound in tort as they allege fraud and other misrepresentations regarding the Weed Slayer product.

NEWMEYER DILLION

manufactured the biologic amendment and shipped it to ARI. (Second Amended Complaint ¶¶ 38-39.) Defendant Sentinel was not aware that its Component was going to be reconstituted, repackaged, and incorporated into a product sold to residents in California. (Rodriquez Decl., at ¶¶ 5-6.) As such, there is no intentional act alleged as to Defendant Sentinel in the Second Amended Complaint and thus this element fails.

Second, even if there was an intentional act, Defendant Sentinel did not expressly aim any conduct in the forum state. As stated above, Defendant Sentinel did not even know that ARI intended to reconstitute and incorporate its Component into a product that was going to be shipped to California. (*Id.*) Defendant Sentinel's alleged conduct of making a Component in Texas and shipping that Component to Florida did not expressly aim any conduct towards California. The unilateral decision of ARI to reconstitute, repackage, and incorporate its Component into a product that was sold in California was not any conduct by Defendant Sentinel to expressly aim conduct in California. (See *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985), providing that personal jurisdiction analysis prevents a party from being haled into a jurisdiction solely as a result of "unilateral activity of another party or a third person."; see also, *matter of Complaint of Star & Crescent Boat Co., Inc. v. Sunsplash Marina LLC,* No. 321CV00169BENJLB, 2021 WL 2988467, at *14 (S.D. Cal. July 15, 2021), providing that a Plaintiffs' "unilateral act of bringing the defendant's product into the forum State was [not] a sufficient constitutional basis for personal jurisdiction over the defendant.") Defendant Sentinel's conduct ended when it shipped the Component to ARI in Florida, which did not involve California. Any unilateral acts by third parties cannot form the basis for personal jurisdiction as to Defendant Sentinel. (*Id.*)

Third, Defendant Sentinel did not cause harm that Defendant Sentinel knew would be suffered in the forum state as Defendant Sentinel did not know that ARI

was going to incorporate its Component into its product and then sell that product to California. (Rodriquez Decl., at ¶ 6.) There are also no allegations that Defendant Sentinel knew that ARI was allegedly going to market and sell Weed Slayer as an organic herbicide. (See Second Amended Complaint *generally.*)

**b. <u>Personal Jurisdiction Cannot be Created from Mere Stream of Commerce.</u>**

To find that there is personal jurisdiction here, this Court would have to hold that Defendant Sentinel is subject to personal jurisdiction for merely placing a component of a product in the stream of commerce.[2] The Supreme Court, however, has held that merely placing a product in the stream of commerce is insufficient as a matter of law to confer personal jurisdiction. (*Asahi Metal Indus. Co. v. Super. Ct. of Cal., Solano Cnty*., 480 U.S. 102 (1987).)

In *Asahi*, a Plaintiff was involved in a motorcycle accident in California resulting from an allegedly defective motorcycle tire. Asahi Metal Industry Co., a Japanese company, manufactured a component of the tires and then sold them in Taiwan to a Taiwanese tire tube company that was later sued in California as a result of the accident. The Taiwanese company filed a cross-complaint against Asahi, seeking indemnification. (*Asahi*, 480 U.S. at 106-109). The California Supreme Court had held that Asahi's awareness that its products would enter the stream of commerce and be sold in California was enough for California to exercise personal jurisdiction over Asahi. (*Id.*) The Supreme Court reversed, unanimously concluding that California did not have personal jurisdiction but with none of the three opinions commanding a majority. (*Asahi*, 480 U.S. at 112).

Justice O'Connor, writing for herself and three other justices, applied what

---

[2] Defendant Sentinel contends that it did not place a product in the stream of commence as ARI reconstituted, repackaged, and incorporated its Component without its knowledge or consent. If anything, ARI, unilaterally placed Defendant Sentinel's Component into the stream of commerce. However, even if it did place a product in the stream of commerce this is not enough to create personal jurisdiction. (*Asahi*, 480 U.S. at 112).

has become known as the "stream of commerce plus" standard:

> ***The placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State***. Additional conduct of the defendant may indicate an intent or purpose to serve the market in the forum State, for example, designing the product for the market in the forum State, advertising in the forum State, establishing channels for providing regular advice to customers in the forum State, or marketing the product through a distributor who has agreed to serve as the sales agent in the forum State. ***But a defendant's awareness that the stream of commerce may or will sweep the product into the forum State does not convert the mere act of placing the product into the stream into an act purposefully directed toward the forum State***.

(*Asahi*, 480 U.S. at 112, emphasis added).

The Ninth Circuit adopted Justice O'Connor's "stream of commerce plus" formulation of specific jurisdiction, holding that "[t]he placement of a product into the stream of commerce, without more, is not an act purposefully directed toward a forum state... Even a defendant's awareness that the stream of commerce may or will sweep the product into the forum state does not convert the mere act of placing the product into the stream of commerce into an act purposefully directed toward the forum state." (*Holland Am. Line Inc. v. Wartsila N. Am., Inc*., 485 F.3d 450, 459 (9th Cir. 2007) (citing Asahi, 480 U.S. at 112)).

Here, even if it could be said that Defendant Sentinel placed a product into the stream of commerce, which it did not as, unlike *Asahi,* it did not know its Component was being incorporated into another product, this would not be enough per the *Asahi* decision. There are no additional actions by Defendant Sentinel that satisfy the "stream of commerce plus" standard adopted by the 9th Circuit based on the *Asahi* case. Indeed, as set forth above, Defendant Sentinel

has zero contacts with California and did not take any actions in California with regard to the Component that it sold to ARI from Texas. (Rodriquez Decl., at ¶¶ 2-6.) It did not design the Component for use in California, advertise in California, establish a channel for providing advice to customers in California or market the product through a distributor in California. (*Id.* at ¶ 5.) None of the *Asahi* stream of commerce plus factors are met here.

**c. <u>There is Not Personal Jurisdiction Because Claims Do Not Arise out of Defendants' Forum-Related Activities.</u>**

Under the second prong of the specific jurisdiction analysis, a plaintiff must establish that its claim arises out of or relates to the defendants' forum-related activities. (*Bancroft & Masters, Inc. v. Augusta Nat., Inc*., 223 F.3d 1082, 1088 (9th Cir.2000)). In order to satisfy the requirement, the plaintiff must show that "but for" the defendants' forum-related conduct, the injury would not have occurred. (*Myers v. Bennett Law Offices*, 238 F.3d 1068, 1075 (9th Cir.2001)). The contacts must also be "sufficiently related to the underlying causes of action" and "have some degree of proximate causation to be considered for purposes of jurisdiction." (*Doe v. American Nat'l Red Cross*, 112 F.3d 1048, 1051–52 (9th Cir.1997); see *Lamm ex rel. Doherty v. Bumbo, Bumbo Ltd.,* No. C 07-04807MHP, 2008 WL 2095770, at *9 (N.D. Cal. May 14, 2008)).

Here, as discussed above, Defendant Sentinel does not have any forum-related activities. It did not manufacture or sell or advertise anything in California. Indeed, there are no allegations in the Second Amend Complaint that allege that Defendant Sentinel did anything in California. All of its activities happened in Texas where it is located. (Rodriquez Decl., at ¶¶ 2-6.) As such, Plaintiffs cannot show that but for Defendant Sentinel's forum-related activities, no injury would have occurred. Instead, Plaintiffs are the only link between Defendant Sentinel and California. Case law firmly rejections this tenuous connection and basis for

minimum contacts with the forum state.

In *Walden v. Fiore*, 134 S.Ct. 1115 (2014), the Supreme Court reversed the Ninth Circuit to hold that personal jurisdiction "must arise out of contacts that the 'defendant himself ' creates with the forum State" and that "the plaintiff cannot be the only link between the defendant and the forum." (*Walden*, 134 S.Ct. at 1122). In reaching this ruling, *Walden* expressly rejected prior case law that provided that a defendant's knowledge of a plaintiff's forum connections and the foreseeability of harm there are enough in themselves to satisfy the minimum contacts analysis. (Id. at 1124–25;see *Erickson v. Nebraska Mach. Co.,* No. 15-CV-01147-JD, 2015 WL 4089849, at *3 (N.D. Cal. July 6, 2015).) Here, Defendant Sentinel was not even aware of Plaintiffs' forum connection and thus there could not be any foreseeable harm as Defendant Sentinel did not know its Component would be incorporated into a product that was sold in California. However, as the *Walden* case confirms, even if Defendant Sentinel was aware of this, Plaintiff cannot be the only link to the forum. There are no contacts that Defendant Sentinel created with California as it does not have any connection to California and did not consent to or know that ARI was going to sell its product in California. ARI's unilateral decision to sell Weed Slayer to California residents was not something that Defendant Sentinel had control over or created itself.

Moreover, in *Picot v. Weston*, 780 F.3d 1206, 1215 (9th Cir.2015), following the *Walden* decision, the 9th Circuit confirmed that personal jurisdiction in California could not be based on conduct that happened entirely outside of the forum state. In *Picot*, the 9th Circuit held that personal jurisdiction in California could not be based statements a non-California resident made to another non-California resident, even where those statements allegedly interfered with a sales contract held by the California-based plaintiffs. (See *Picot v. Weston*, 780 F.3d 1206, 1215 (9th Cir.2015).) The court emphasized that the defendant's alleged tortious interference was committed "without entering California, contacting any

person in California, or otherwise reaching out to California." (*Id.*)

Here, Plaintiff must establish personal jurisdiction on a per Defendant basis. (*Daramola v. Oracle Am., Inc*., No. 19-CV-07910-JD, 2020 WL 5577146, at *2 (N.D. Cal. Sept. 16, 2020).) This cannot be done as all of Defendant Sentinel's alleged conduct happened outside of California. Like *Picot*, Plaintiffs claims, while not plead in specificity, seem to suggest that a non-California resident, Defendant Sentinel, made representations regarding its Component to another non-California resident, ARI, and those representations harmed Plaintiffs in California. Like *Picot*, the allegedly wrongful conduct by Defendant Sentinel was committed "without entering California, contacting any person in California, or otherwise reaching out to California." Defendant Sentinel did not create any connection to California and that the fact California residents were allegedly harmed is not enough to create personal jurisdiction. (*Picot v. Weston*, 780 F.3d 1206, 1215 (9th Cir.2015); see also, *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 886-89, 131 S. Ct. 2780, 2790, 180 L. Ed. 2d 765 (2011).)

**d. Even if Plaintiffs Could Satisfy the First Two Prongs of the Purposeful Direction Test, Which it Cannot, Personal Jurisdiction Would Not Be Reasonable.**

Plaintiffs cannot establish either of the first two prongs for the Purposeful Direction Test as set forth above. However, even if Plaintiffs could carry this burden, the exercise of jurisdiction would not be reasonable as it does not comport with fair play and substantial justice. The minimum contact analysis is intended to give a defendant "fair warning that a particular activity may subject [them] to the jurisdiction of a foreign sovereign," *Shaffer*, 433 U.S. at 218 (Stevens, J., concurring in judgment) and "gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit," (*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286,

297 (1980).) To be sure, "a defendant cannot be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or of the 'unilateral activity of another party or a third person.'" (*Burger King*, 471 U.S. at 475 (internal citations omitted).)

Here, if Defendant Sentinel is haled into California based on no contacts with the forum state that it created, it can be haled into any court in the nation based on the unilateral and fortuitous actions of a third party like ARI. This would not allow Defendant Sentinel to structure its conduct to avoid being subject to suit everywhere. Requiring Defendant Sentinel to be subject to suit based on where ARI unilaterally decided to sell its product does not comport with fair play and substantial justice and therefore is not reasonable.

**4. <u>CONCLUSION.</u>**

Based on the foregoing, Defendant Sentinel respectfully requests that this Court dismiss this case as to Defendant Sentinel for lack of personal jurisdiction.

Dated: August 20, 2021 NEWMEYER & DILLION LLP

By: */s/ Joshua B. Bevitz*
John E. VanVlear
Joshua B. Bevitz
Brandon A. Clouse
Specially Appearing for Third-Party Defendants
SENTINEL BIOLOGICS, INC.

NEWMEYER DILLION

**CERTIFICATE OF SERVICE**

*Romero, et al. v. Agro Research International LLC, et al.*
United States District Court Northern Division Case No. 3:21-cv-00518-JD

STATE OF CALIFORNIA )
) ss.
COUNTY OF CONTRA COSTA )

I, Alex D. Reel, declare:

I am a citizen of the United States and employed in Contra Costa County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 1333 N. California Blvd, Suite 600, Walnut Creek, California 94596. On August 20, 2021, I served a copy of the within document(s):

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT SENTINEL BIOLOGICS, INC.'S MOTION TO DISMISS**

☒ by transmitting via e-mail or electronic transmission the document(s) via the CM/ECF/PACER filing portal for the United States District Court, Central District of CA listed above to the person(s) at the e-mail address(es) set forth below.

**PLEASE SEE SERVICE LIST**

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on August 20, 2021, at Walnut Creek, California.

*/s/ Alex D. Reel*
Alex D. Reel

NEWMEYER DILLION

**SERVICE LIST**

Robert Stephen Arns
Jonathan Ellsworth Davis
Shounak Sanjeev Dharap
Katherine A. Rabago
The Arns Law Firm
515 Folsom Street, 3rd Floor
San Francisco, CA 94105

Tel: (415) 495-7800
Fax: (415) 495-7888
rsa@arnslaw.com
jed@arnslaw.com
ssd@arnslaw.com
kar@arnslaw.com
**[ATTORNEYS FOR PLAINTIFFS]**

Kevin Liu
Gordon & Rees Scully Mansukhani LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Tel: (415) 875-4383
Fax: (415) 986-8054
kliu@grsm.com
**[ATTORNEY FOR DEFENDANT/CROSS-DEFENDANT/CROSS-CLAIMANT WILBUR-ELLIS COMPANY, LLC**

John Clifton McCarron
Downey Brand LLP
621 Capitol Mall, 18th Fl
Sacramento, CA 95814

Tel: (916) 444-1000
Fax: (916) 444-2100
jmccarron@downeybrand.com
**[ATTORNEY FOR DEFENDANT/CROSS-DEFENDANT/THIRD PARTY PLAINTIFF AGRO RESEARCH INTERNATIONAL LLC]**