DILLINGHAM & MURPHY, LLP
WILLIAM F. MURPHY, ESQ. (SBN 82482)
JACK C. HENNING, ESQ. (SBN 139659)
CYNTHIA C. CHEUNG, ESQ. (SBN 320767)
BERNICE K. WU, ESQ. (SBN 329661)
601 Montgomery Street, Suite 1900
San Francisco, California 94111
Telephone: (415) 397-2700
Facsimile: (415) 397-3300
wfm@dillinghammurphy.com
jch@dillinghammurphy.com
bkw@dillinghammurphy.com
ccc@dillinghammurphy.com

Attorneys for Defendant and Cross-Claimant
Andaman Ag Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS ROMERO; KEN BERNARDS; PETER HOFFMANN; LUCIA HOSSFELD; TIM PORTER; HOSSFELD VINEYARDS INC.; HOSSFELD VINEYARDS WINE CO.; and PORTER FAMILY VINEYARDS, LLC, individually and on behalf of all others similarly situated,<br>Plaintiffs,<br>v.<br>AGRO RESEARCH INTERNATIONAL LLC; ANDAMAN AG CORPORATION; WILBUR-ELLIS COMPANY, LLC; SENTINEL BIOLOGICS, INC.; and DOES 1 to 100, inclusive,<br>Defendants. | Case No. 3:21-cv-00518-JD<br><br>DEFENDANT AND CROSS-CLAIMANT ANDAMAN AG CORPORATION'S ANSWER TO PLAINTIFFS SECOND AMENDED COMPLAINT AND ANDAMAN AG CORPORATION'S CROSSCLAIM<br><br>Action Filed: January 21, 2021 |
| ANDAMAN AG CORPORATION,<br>Cross-Claimant,<br>v.<br>AGRO RESEARCH INTERNATIONAL LLC, SENTINEL BIOLOGICS, INC., AND MOES 1-100, INCLUSIVE,<br>Cross-Defendants. | |

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant Andaman Ag Corporation ("Andaman" or "Defendant"), by and through its counsel, hereby answers Plaintiffs' unverified Second Amended Class Action Complaint ("complaint") as follows:

**ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT**

1. In answer to paragraph 1 of the complaint, Defendant lacks information or belief sufficient to aver as to the truth or falsity of said allegations, and on that basis denies the same.

2 In answer to paragraph 2 of the complaint, Defendant admits that Agro Research International manufactures Weed Slayer, as it is defined in the complaint, and that Weed Slayer is distributed by Andaman and Wilbur-Ellis, among others. Defendant further admits that Weed Slayer is a two-part mixture. Defendant admits that Agro Gold WS is advertised as an organic biological amendment. Defendant denies that Agro Gold WS contains glyphosate and diquat. Defendant lacks information or belief sufficient to aver as to the truth or falsity of all other material allegations of this paragraph, and on that basis denies the same.

3. In answer to paragraph 3 of the complaint, Defendant admits that Weed Slayer and Agro Gold WS are sold as being suitable for use on organic crops. Defendant lacks information or belief sufficient to aver as to the truth or falsity of all other material allegations of this paragraph, and on that basis denies the same.

4. In answer to paragraph 4 of the complaint, Defendant denies all material allegations of this paragraph.

5. In answer to paragraph 5 of the complaint, the complaint purports to state claims under the California False Advertising Law, Business & Professions Code sections 17500, et seq., the Unfair Competition Law, Business & Professions Code sections 17200, et seq., the Consumer Legal Remedies Act, Civil Code sections 1750, et seq., and for common law fraud. With regard to the remainder of Paragraph 5, it consists of legal conclusions to which no answer is required. To the extent that Paragraph 5 does need an answer, Defendant denies the same.

6. In answer to paragraph 6 of the complaint, Defendant lacks information or belief sufficient to aver as to the truth or falsity of said allegations, and on that basis denies the same.

**JURISDICTION AND VENUE**

7. In answer to paragraph 7 of the complaint, Defendant is without sufficient information to form a belief as to the residency of Plaintiffs, the size and nature of the proposed class, or the amount in controversy as alleged in Paragraph 7, and therefore denies the same. With regard to the remainder of Paragraph 7, it consists of legal conclusion to which no answer is required. To the extent that Paragraph 7 does need an answer, Defendant denies the same.

8. In answer to paragraph 8 of the complaint, Defendant disputes the allegations and therefore denies the same.

**PARTIES**

**Plaintiffs**

9. In answer to paragraph 9 of the complaint, Defendant lacks information or belief sufficient to aver as to the truth or falsity of said allegations, and on that basis denies the same.

10. In answer to paragraph 10 of the complaint, Defendant lacks information or belief sufficient to aver as to the truth or falsity of said allegations, and on that basis denies the same.

11. In answer to paragraph 11 of the complaint, Defendant lacks information or belief sufficient to aver as to the truth or falsity of said allegations, and on that basis denies the same.

12. In answer to paragraph 12 of the complaint, Defendant lacks information or belief sufficient to aver as to the truth or falsity of said allegations, and on that basis denies the same.

13. In answer to paragraph 13 of the complaint, Defendant lacks information or belief sufficient to aver as to the truth or falsity of said allegations, and on that basis denies the same.

14. In answer to paragraph 14 of the complaint, Defendant lacks information or belief sufficient to aver as to the truth or falsity of said allegations, and on that basis denies the same.

15. In answer to paragraph 15 of the complaint, Defendant lacks information or

belief sufficient to aver as to the truth or falsity of said allegations, and on that basis denies the same.

16. In answer to paragraph 16 of the complaint, Defendant lacks information or belief sufficient to aver as to the truth or falsity of said allegations, and on that basis denies the same.

**Defendants**

17. In answer to paragraph 17 of the complaint, Defendant admits that Agro Research International is the manufacturer of Weed Slayer and Agro Gold WS. Defendant lacks information or belief sufficient to aver as to the truth or falsity of all other allegations, and on that basis denies the same.

18. In answer to paragraph 18 of the complaint, Defendant admits that it is a California corporation, that it does business in California, that is business includes the selling agricultural products, and that it distributes Weed Slayer and Agro Gold WS in California. Defendant denies all other remaining allegations of paragraph 18.

19. In answer to paragraph 19 of the complaint, Defendant admits that Wilbur-Ellis is a distributor of Weed Slayer and Agro Gold WS in California. Defendant lacks information or belief sufficient to aver as to the truth or falsity of all other allegations, and on that basis denies the same.

20. In answer to paragraph 20 of the complaint, Defendant admits that Sentinel Biologics, Inc. is the manufacturer and designer of Agro Gold WS. Defendant lacks information or belief sufficient to aver as to the truth or falsity of all other allegations, and on that basis denies the same.

21. In answer to paragraph 21 of the complaint, Defendant lacks information or belief sufficient to aver as to the truth or falsity of said allegations, and on that basis denies the same.

22. In answer to paragraph 22 of the complaint, Defendant denies all material allegations of this paragraph.

///

**CLASS ACTION ALLEGATIONS**

23. In answer to paragraph 23 of the complaint, paragraph 23 contains allegations pertaining to parties other than Defendant. Defendant lacks information or belief sufficient to aver as to the truth or falsity of said allegations, and on that basis denies the same. With regard to the remainder of paragraph 23, it consists of legal conclusions to which no answer is required. To the extent paragraph 23 does need an answer, Defendant denies the same.

24. In answer to paragraph 24 of the complaint, paragraph 24 contains allegations pertaining to parties other than Defendant. Defendant lacks information or belief sufficient to aver as to the truth or falsity of said allegations, and on that basis denies the same. With regard to the remainder of paragraph 24, it consists of legal conclusions to which no answer is required. To the extent paragraph 24 does need an answer, Defendant denies the same.

25. In answer to paragraph 25 of the complaint, paragraph 25 contains allegations pertaining to parties other than Defendant. Defendant lacks information or belief sufficient to aver as to the truth or falsity of said allegations, and on that basis denies the same. With regard to the remainder of paragraph 25, it consists of legal conclusions to which no answer is required. To the extent paragraph 25 does need an answer, Defendant denies the same.

26. In answer to paragraph 26 of the complaint, paragraph 26 contains allegations pertaining to parties other than Defendant. Defendant lacks information or belief sufficient to aver as to the truth or falsity of said allegations, and on that basis denies the same. With regard to the remainder of paragraph 26, it consists of legal conclusions to which no answer is required. To the extent paragraph 26 does need an answer, Defendant denies the same.

27. In answer to paragraph 27 of the complaint, paragraph 27 contains allegations pertaining to parties other than Defendant. Defendant lacks information or belief sufficient to aver as to the truth or falsity of said allegations, and on that basis denies the same. With regard to the remainder of paragraph 27, it consists of legal conclusions to which no answer is required. To the extent paragraph 27 does need an answer, Defendant denies the same.

28. In answer to paragraph 28 of the complaint, paragraph 28 contains allegations pertaining to parties other than Defendant. Defendant lacks information or belief sufficient to

aver as to the truth or falsity of said allegations, and on that basis denies the same. With regard to the remainder of paragraph 28, it consists of legal conclusions to which no answer is required. To the extent paragraph 28 does need an answer, Defendant denies the same.

29. In answer to paragraph 29 of the complaint, paragraph 29 contains allegations pertaining to parties other than Defendant. Defendant lacks information or belief sufficient to aver as to the truth or falsity of said allegations, and on that basis denies the same. With regard to the remainder of paragraph 29, it consists of legal conclusions to which no answer is required. To the extent paragraph 29 does need an answer, Defendant denies the same.

**FACTUAL ALLEGATIONS**

30. In answer to paragraph 30 of the complaint, Defendant lacks information or belief sufficient to aver as to the truth or falsity of said allegations, and on that basis denies the same.

31. In answer to paragraph 31 of the complaint, Defendant lacks information or belief sufficient to aver as to the truth or falsity of said allegations, and on that basis denies the same.

32. In answer to paragraph 32 of the complaint, Defendant lacks information or belief sufficient to aver as to the truth or falsity of said allegations, and on that basis denies the same.

33. In answer to paragraph 33 of the complaint, Defendant lacks information or belief sufficient to aver as to the truth or falsity of said allegations, and on that basis denies the same.

**Weed Slayer: A Purportedly Natural and Organic Alternative**

34. In answer to paragraph 34 of the complaint, Defendant admits that Agro Research International manufactures Weed Slayer. As to the remaining allegations, Defendant lacks information or belief sufficient to aver as to the truth or falsity of said allegations, and on that basis denies the same.

35. In answer to paragraph 35 of the complaint, Defendant lacks information or belief sufficient to aver as to the truth or falsity of said allegations, and on that basis denies the

same. The version of the product instructions to which Plaintiffs refer in paragraph 35 speaks for itself. To the extent the allegations in this paragraph differ from the information stated therein and Plaintiffs attempt to characterize the instructions, including but not limited to characterizing the content, they are denied. Defendant denies all other allegations in this paragraph.

36. In answer to paragraph 36 of the complaint, Defendant lacks information or belief sufficient to aver as to the truth or falsity of said allegations, and on that basis denies the same. The version of the product label to which Plaintiffs refer in paragraph 36 speaks for itself. To the extent the allegations in this paragraph differ from the information stated therein and Plaintiffs attempt to characterize the information, including but not limited to characterizing the content, they are denied. Defendant denies all other allegations in this paragraph.

37. In answer to paragraph 36 of the complaint, Defendant lacks information or belief sufficient to aver as to the truth or falsity of said allegations, and on that basis denies the same. The version of the product label to which Plaintiffs refer in paragraph 36 speaks for itself. To the extent the allegations in this paragraph differ from the information stated therein and Plaintiffs attempt to characterize the information, including but not limited to characterizing the content, they are denied. Defendant denies all other allegations in this paragraph.

**Sentinel Manufactured and Designed the Part B Biological Amendment**

38. In answer to paragraph 38 of the complaint, Defendant admits that Sentinel designed and manufactured the Part B. As to the remaining allegations, Defendant lacks information or belief sufficient to aver as to the truth or falsity of said allegations, and on that basis denies the same.

39. In answer to paragraph 39 of the complaint, Defendant lacks information or belief sufficient to aver as to the truth or falsity of said allegations, and on that basis denies the same.

///

**ARI Falsely and Misleadingly Advertised and Sold Weed Slayer as Organic and Natural**

40. In answer to paragraph 40 of the complaint, the paragraph contains allegations pertaining to parties other than Defendant. Defendant lacks information or belief sufficient to aver as to the truth or falsity of said allegations, and on that basis denies the same.

41. In answer to paragraph 41 of the complaint, the paragraph contains allegations pertaining to parties other than Defendant. Defendant lacks information or belief sufficient to aver as to the truth or falsity of said allegations, and on that basis denies the same.

42. In answer to paragraph 42 of the complaint, the paragraph contains allegations pertaining to parties other than Defendant. Defendant lacks information or belief sufficient to aver as to the truth or falsity of said allegations, and on that basis denies the same.

43. In answer to paragraph 43 of the complaint, the paragraph contains allegations pertaining to parties other than Defendant. Defendant lacks information or belief sufficient to aver as to the truth or falsity of said allegations, and on that basis denies the same.

44. In answer to paragraph 44 of the complaint, the paragraph contains allegations pertaining to parties other than Defendant. Defendant lacks information or belief sufficient to aver as to the truth or falsity of said allegations, and on that basis denies the same.

45. In answer to paragraph 45 of the complaint, the paragraph contains allegations pertaining to parties other than Defendant. Defendant lacks information or belief sufficient to aver as to the truth or falsity of said allegations, and on that basis denies the same.

**Andaman Falsely and Misleadingly Advertised and Sold Weed Slayer as Organic and Natural.**

46. In answer to paragraph 46 of the complaint, Defendant admits that it has a website. The website speaks for itself, and to the extent Plaintiffs purport to characterize the website, including but not limited to characterizing the content available on it, Defendant denies all such allegations. To the extent the allegations in this paragraph differ from the information stated therein, they are denied. Defendant denies all other allegations in this paragraph.

47. In answer to paragraph 47 of the complaint, alleged report speaks for itself and

to the extent Plaintiffs purport to characterize the report, including but not limited to characterizing the content, Defendant denies all such allegations. To the extent the allegations in this paragraph differ from the information stated therein, they are denied. Defendant denies all other allegations in this paragraph.

48. In answer to paragraph 48 of the complaint, alleged report speaks for itself and to the extent Plaintiffs purport to characterize the report, including but not limited to characterizing the content, Defendant denies all such allegations. To the extent the allegations in this paragraph differ from the information stated therein, they are denied. Defendant denies all other allegations in this paragraph.

49. In answer to paragraph 49 of the complaint, alleged report speaks for itself and to the extent Plaintiffs purport to characterize the report, including but not limited to characterizing the content, Defendant denies all such allegations. To the extent the allegations in this paragraph differ from the information stated therein, they are denied. Defendant denies all other allegations in this paragraph.

**Wilbur-Ellis Falsely and Misleadingly Advertised and Sold Weed Slayer as Organic and Natural**

50. In answer to paragraph 50 of the complaint, Defendant lacks information or belief sufficient to aver as to the truth or falsity of said allegations, and on that basis denies same.

**Agro Research Failed to Disclose the Presence of Two Synthetic, Non-Organic Ingredients in Weed Slayer: Glyphosate and Diquat**

51. In answer to paragraph 51 of the complaint, Defendant admits that the CDFA made an announcement regarding Agro Gold WS. The announcement speaks for itself, and to the extent Plaintiffs purport to characterize the announcement, Defendant denies all such allegations. Defendant lacks information or belief sufficient to aver as to the truth or falsity of the remaining allegations of Paragraph 51 and therefore denies the same.

52. In answer to paragraph 52 of the complaint, Defendant admits that the CDFA issued a Stop Use Notice and Statewide Quarantine and Removal from Sale Order for Agro

Gold WS. The Notice and Order speaks for itself, and to the extent Plaintiffs purport to characterize the Notice and Oder, Defendant denies all such allegations. Defendant lacks information or belief sufficient to aver as to the truth or falsity of the remaining allegations of Paragraph 52 and therefore denies the same.

53. In answer to paragraph 53, the allegations are legal conclusions Defendant is not obliged to admit or deny. To the extent an answer is needed, Defendant denies the same.

**FIRST CAUSE OF ACTION**

54. In answer to paragraph 54 of the complaint, Defendant hereby incorporates by reference each of the answers to paragraphs 1 through 53 above.

55. The allegations of paragraph 55 of the complaint are legal conclusions Defendant is not obliged to admit or deny. To the extent that paragraph 55 does need an answer, Defendant denies the same.

56. In answer to paragraph 56 of the complaint, Defendant admits that it offered for sale Weed Slayer/Agro Gold WS in California. Defendant denies all remaining material allegations of said paragraph.

57. In answer to paragraph 57 of the complaint, Defendant denies all material allegations of this paragraph.

58. In answer to paragraph 58 of the complaint, Defendant denies all material allegations of this paragraph.

59. In answer to paragraph 59 of the complaint, Defendant denies all material allegations of this paragraph.

60. In answer to paragraph 60 of the complaint, Defendant denies that Weed Slayer/Agro Gold WS contained glyphosate and diquat. With regard to the remainder of paragraph 60, it consists of legal conclusions to which no answer is required. To the extent that paragraph 57 does need an answer, Defendant denies the same.

61. In answer to paragraph 61 of the complaint, Defendant denies all material allegations of this paragraph.

62. In answer to paragraph 62 of the complaint, Defendant disputes and therefore

denies all material allegations of this paragraph.

63. In answer to paragraph 63 of the complaint, Defendant lacks information or belief sufficient to aver as to the truth or falsity of said allegations, and on that basis denies the same.

**SECOND CAUSE OF ACTION**

64. In answer to paragraph 64 of the complaint, Defendant hereby incorporates by reference each of the answers to paragraphs 1 through 63 above.

65. The allegations of paragraph 65 of the complaint are legal conclusions Defendant is not obliged to admit or deny. To the extent an answer is needed, Defendant denies the same.

**Unlawful Business Acts and Practices**

66. Paragraph 66 consists of legal conclusions to which no answer is required. To the extent an answer is needed, Defendant denies the same.

67. Paragraph 67 consists of legal conclusions to which no answer is required. To the extent an answer is needed, Defendant denies the same.

68. Paragraph 68 consists of legal conclusions to which no answer is required. To the extent an answer is needed, Defendant denies the same.

69. Paragraph 69 consists of legal conclusions to which no answer is required. To the extent an answer is needed, Defendant denies the same.

70. In answer to paragraph 70 of the complaint, Defendant lacks information or belief sufficient to aver as to the truth or falsity of said allegations, and on that basis denies the same.

**Unfair Business Acts and Practices**

71. Paragraph 71 consists of legal conclusions to which no answer is required. To the extent an answer is needed, Defendant denies the same.

72. Paragraph 72 consists of legal conclusions to which no answer is required. To the extent an answer is needed, Defendant denies the same.

73. Defendant denies each and every allegation in paragraph 73. To the extent

paragraph 73 consists of legal conclusion, no answer is required. To the extent an answer is needed, Defendant denies the same.

74. In answer to paragraph 74 of the complaint, the paragraph contains allegations pertaining to parties other than Defendant. Defendant is without sufficient information with which to form a belief as to the allegations of paragraph 74 and therefore denies the same. Paragraph 74 also consists of legal conclusions to which no answer is required.. To the extend an answer is needed, Defendant denies the same.

75. Paragraph 75 consists of legal conclusions to which no answer is required. To the extent an answer is needed, Defendant denies the same.

76. In answer to paragraph 76 of the complaint, the paragraph contains allegations pertaining to parties other than Defendant. Defendant is without sufficient information with which to form a belief as to the allegations of paragraph 76 and therefore denies the same. Paragraph 76 also consists of legal conclusions to which no answer is required.. To the extend an answer is needed, Defendant denies the same.

77. Paragraph 77 consists of legal conclusions to which no answer is required. To the extent an answer is needed, Defendant denies the same.

78. In answer to paragraph 78 of the complaint, Defendant lacks information or belief sufficient to aver as to the truth or falsity of said allegations, and on that basis denies same.

**Fraudulent Business Acts and Practices**

79. In answer to paragraph 79 of the complaint, the paragraph consists of a legal conclusion to which no answer is required. To the extend an answer is needed, Defendant denies the same.

80. In answer to paragraph 80 of the complaint, Defendant denies all material allegations of this paragraph.

81. In answer to paragraph 81 of the complaint, Defendant denies all material allegations of this paragraph.

82. In answer to paragraph 82, Defendant denies that Weed Slayer/Agro Gold WS

contained glyphosate and diquat. With regard to the remainder of paragraph 82, it consists of legal conclusions to which no answer is required. To the extent that paragraph 82 needs an answer, Defendant denies the same.

83. In answer to paragraph 83 of the complaint, Defendant denies all material allegations of this paragraph. To the extent any portion of paragraph 83 consists of a legal conclusion, no answer is required.

84. In answer to paragraph 84 of the complaint, paragraph 84 consists of legal conclusions to which no answer is required. To the extent an answer is needed, Defendant denies the same.

85. In answer to paragraph 85 of the complaint, paragraph 85 contains allegations pertaining to parties other than Defendant. Defendant is without sufficient information with which to form a belief as to the allegations of paragraph 85 and therefore denies the same. Paragraph 85 also consists of legal conclusions to which o answer is required. To the extent an answer is required, Defendant denies the same.

86. In answer to paragraph 86 of the complaint, paragraph 86 contains legal conclusions to which no answer I required. To the extent an answer is needed, Defendant denies the same.

87. In answer to paragraph 87 of the complaint, Defendant lacks information or belief sufficient to aver as to the truth or falsity of said allegations, and on that basis denies same.

**THIRD CAUSE OF ACTION**

88. In answer to paragraph 88 of the complaint, Defendant hereby incorporates by reference each of the answers to paragraphs 1 through 87 above.

89. The allegations of paragraph 89 of the complaint are legal conclusions Defendant is not obliged to admit or deny. To the extent an answer is needed, Defendant denies the same.

90. The allegations of paragraph 90 of the complaint are legal conclusions Defendant is not obliged to admit or deny. To the extent an answer is needed, Defendant

denies the same.

91. The allegations of paragraph 91 of the complaint are legal conclusions Defendant is not obliged to admit or deny. To the extent an answer is needed, Defendant denies the same.

92. The allegations of paragraph 91 of the complaint are legal conclusions Defendant is not obliged to admit or deny. To the extent an answer is needed, Defendant denies the same.

93. The allegations of paragraph 91 of the complaint are legal conclusions Defendant is not obliged to admit or deny. To the extent an answer is needed, Defendant denies the same.

94. The allegations of paragraph 91 of the complaint are legal conclusions Defendant is not obliged to admit or deny. To the extent an answer is needed, Defendant denies the same.

95. In answer to paragraph 95 of the complaint, paragraph 95 contains allegations pertaining to parties other than Defendant. Defendant is without sufficient information with which to form a belief as to the allegations of paragraph 95 and therefore denies the same. Paragraph 95 also consists of legal conclusions to which no answer is required. To the extent an answer is needed, Defendant denies the same.

96. The allegations of paragraph 91 of the complaint are legal conclusions Defendant is not obliged to admit or deny. To the extent an answer is needed, Defendant denies the same.

97. The allegations of paragraph 91 of the complaint are legal conclusions Defendant is not obliged to admit or deny. To the extent an answer is needed, Defendant denies the same.

98. In answer to paragraph 98 of the complaint, paragraph 98 contains allegations pertaining to parties other than Defendant. Defendant is without sufficient information with which to form a belief as to the allegations of paragraph 98 and therefore denies the same. Paragraph 98 also consists of legal conclusions to which no answer is required. To the extent

an answer is needed, Defendant denies the same.

99. In answer to paragraph 99 and footnote 1 of the complaint, paragraph 99 contains allegations pertaining to parties other than Defendant. Defendant is without sufficient information with which to form a belief as to the allegations of paragraph 99 and therefore denies the same. Paragraph 99 also consists of legal conclusions to which no answer is required. To the extent an answer is needed, Defendant denies the same.

**FOURTH CAUSE OF ACTION**

100. In answer to paragraph 100 of the complaint, Defendant hereby incorporates by reference each of the answers to paragraphs 1 through 99 above.

101. In answer to paragraph 101 of the complaint, Defendant denies all material allegations of this paragraph.

102. In answer to paragraph 102 of the complaint, Defendant denies all material allegations of this paragraph.

103. In answer to paragraph 103 of the complaint, Defendant denies that Weed Slayer/Agro Gold WS contained glyphosate and diquat. With regard to the remainder of paragraph 100, it consists of a legal conclusion to which no answer is required. To the extent that paragraph 100 does need an answer, Defendant denies the same.

104. In answer to paragraph 104 of the complaint, paragraph 104 consists of legal conclusions to which no answer is required. To the extent an answer is needed, Defendant denies the same.

105. In answer to paragraph 105 of the complaint, paragraph 105 consists of legal conclusions to which no answer is required. To the extent an answer is needed, Defendant denies the same.

106. In answer to paragraph 106 of the complaint, paragraph 104 consists of legal conclusions to which no answer is required. To the extent an answer is needed, Defendant denies the same.

107. In answer to paragraph 107 of the complaint, Defendant denies all material allegations of this paragraph. To the extent any portion of paragraph 107 consists of legal

conclusions, no answer is required.

108. In answer to paragraph 108 of the complaint, paragraph 104 consists of legal conclusions to which no answer is required. To the extent an answer is needed, Defendant denies the same.

109. In answer to paragraph 109 of the complaint, paragraph 109 contains allegations pertaining to parties other than Defendant. Defendant is without sufficient information with which to form a belief as to the allegations of paragraph 109 and therefore denies the same. Paragraph 109 also consists of legal conclusions to which no answer is required. To the extent an answer is needed, Defendant denies the same.

110. In answer to paragraph 110 of the complaint, paragraph 110 contains allegations pertaining to parties other than Defendant. Defendant is without sufficient information with which to form a belief as to the allegations of paragraph 110 and therefore denies the same. Paragraph 110 also consists of legal conclusions to which no answer is required. To the extent an answer is needed, Defendant denies the same.

111. In answer to paragraph 111 of the complaint, paragraph 111 consists of legal conclusions to which no answer is required. To the extent an answer is needed, Defendant denies the same.

## PRAYER FOR RELIEF

In answer to the Prayer for Relief, and to the extent a response is required, Defendant denies that Plaintiffs and the proposed class members are entitled to an order certifying this case as a class action and appointing Plaintiffs and their counsel to represent the Class. Defendant denies that Plaintiffs are entitled to monetary or other damages, restitution and disgorgement, injunction, civil and statutory penalties, pre-judgment and post-judgment interest, punitive damages, attorney's fees, costs, and expenses against Defendant. Defendant also denies that Plaintiffs are entitled to any of the relief sought.

## AFFIRMATIVE DEFENSES

Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, Defendant alleges the following affirmative defenses:

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

As a separate and first affirmative defense to the Complaint and to all purported causes of action set forth therein, Defendant alleges that the Complaint fails to state facts sufficient to constitute a cause of action.

**SECOND AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

As a separate and second affirmative defense to the Complaint and to all purported causes of action set forth therein, Defendant alleges Plaintiffs and/or the members of the putative class have failed to mitigate their alleged losses or damages, if any. Therefore, the damages claimed in the Complaint, if any, should be barred or reduced by the amount of such damages that Plaintiffs could have avoided.

**THIRD AFFIRMATIVE DEFENSE**

**(Lack of Standing)**

As a separate and third affirmative defense to the Complaint and to all purported causes of action set forth therein, Defendant alleges that Plaintiffs and/or the members of the putative class lack standing to maintain a claim for violation of California Business and Professions Code section 17200, or any of the other claims stated in the Complaint.

**FOURTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

As a separate and fourth affirmative defense to the Complaint and to all purported causes of action set forth therein, Defendant alleges that Plaintiffs' and/or the members of the putative class' claims are barred, in whole or in part, by the doctrine of unclean hands.

**FIFTH AFFIRMATIVE DEFENSE**

**(Waiver)**

As a separate and fifth affirmative defense to the Complaint and to all purported causes of action set forth therein, Defendant alleges that Plaintiffs' and/or the members of the putative class' claims are barred, in whole or in part, by the doctrine of waiver.

**SIXTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

As a separate and sixth affirmative defense to the Complaint and to all purported causes of action set forth therein, Defendant alleges that Plaintiffs' and/or the members of the putative class' claims are barred, in whole or in part, by the doctrine of estoppel.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Good Faith)**

As a separate and seventh affirmative defense to the Complaint and to all purported causes of action set forth therein, Defendant alleges that the Complaint and each cause of action alleged against Defendant is barred on the ground that Defendant has performed and discharged in good faith each and every obligation owed to Plaintiffs and/or the members of the putative class, if any such duties were owed.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Right to Offset)**

As a separate and eighth affirmative defense to the Complaint and to all purported causes of action set forth therein, Defendant alleges that it is entitled to an offset for monies lost.

**NINETH AFFIRMATIVE DEFENSE**

**(No Damages)**

As a separate and nineth affirmative defense to the Complaint and to all purported causes of action set forth therein, Defendant alleges that Plaintiffs and/or the members of the putative class have not incurred any actual, present damages as a direct and proximate result of the conduct of Defendant.

**TENTH AFFIRMATIVE DEFENSE**

**(Laches)**

As a separate and tenth affirmative defense to the Complaint and to all purported causes of action set forth therein, Defendant alleges that Plaintiffs and/or the members of the putative class' claims are barred, in whole or in part, by the doctrine of laches.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(No Causation)**

As a separate eleventh affirmative defense to the Complaint and to all purported causes of action set forth therein, Defendant alleges that Plaintiffs and/or the members of the putative class' damages, if any, were proximately caused, in whole or in part, by the negligence or other actionable conduct of persons or entities other than Defendant. Therefore, should Defendant be found liable to Plaintiffs and/or the members of the putative class as a result of the incidents alleged in the Complaint, the amount of Plaintiffs' and/or the members of the putative class' recovery, if any, should be no greater than an amount which is equal to Defendant's proportionate share, if any, of the combined negligence or other actionable conduct of those persons or entities whose negligence or other actionable conduct proximately caused Plaintiffs' and/or the members of the putative class' alleged damages.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Consent)**

As a separate twelfth affirmative defense to the Complaint and to all purported causes of action set forth therein, Defendant alleges that the Complaint and each cause of action alleged against Defendant is barred because Plaintiffs and/or the members of the putative class consented to the acts and conduct of Defendant, as alleged in the Complaint.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(No Untruthful Representations)**

As a separate and thirteenth affirmative defense to the Complaint and to all purported causes of action set forth therein, Defendant alleges that at all times mentioned in the Complaint, Defendant made no untruthful representations of material facts. All alleged statements made by Defendant, if made, were truthful at the time made.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(No Justifiable Reliance)**

As a separate and fourteenth affirmative defense to the Complaint and to all purported causes of action set forth therein, Defendant alleges that the Plaintiffs and/or the members of

the putative class, did not actually and justifiably rely on any statements or representations made by Defendant and did not rely on any acts or conduct or omissions by Defendant.

**<u>FIFTEENTH AFFIRMATIVE DEFENSE</u>**

**(Failure to Provide Notice Required By Civil Code §1782)**

As a separate and fifteenth affirmative defense to the Complaint and to all purported causes of action set forth therein, Defendant alleges that Plaintiffs and/or the members of the putative class failed to notify Defendant of the alleged violations of Civil Code §1770 described in the Complaint by certified or registered mail, at least 30 days prior to the filing of the action as required by Civil Code §1782.

**<u>SIXTEENTH AFFIRMATIVE DEFENSE</u>**

**(Failure to Name Indispensable Party)**

As a separate and sixteenth affirmative defense to the Complaint and to all purported causes of action set forth therein, Defendant alleges that that the cause of action asserted by Plaintiffs and/or the members of the putative class are barred by the failure to add an indispensable party.

**<u>SEVENTEENTH AFFIRMATIVE DEFENSE</u>**

**(Lack of Specificity)**

As a separate and seventeenth affirmative defense to the Complaint and to all purported causes of action set forth therein, Defendant alleges that the causes of action for fraud and fraudulent concealment asserted by Plaintiffs and/or members of the putative class are barred for failure to allege fraud with sufficient specificity.

**<u>EIGHTEENTH AFFIRMATIVE DEFENSE</u>**

**(Bona Fide Error)**

As a separate and eighteenth affirmative defense to the Complaint and to all purported causes of action set forth therein, Defendant alleges that Plaintiffs and/or the members of the putative class are not entitled to an award of damages as provided under Civil Code §1784 because the alleged violation, if any, was not intentional and resulted from a bona fide error despite the use of reasonable procedures adopted to avoid the error.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Practices Not Fraudulent, Unfair, or Unlawful)**

As a separate and nineteenth affirmative defense to the Complaint and to all purported causes of action set forth therein, Defendant alleges that any of alleged practices put in issue by Plaintiffs and/or the members of the putative class are not fraudulent, unfair or unlawful within the meaning of California Business and Professions Code section 17200.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(No Injury to Competition)**

As a separate and twentieth affirmative defense to the Complaint and to all purported causes of action set forth therein, Defendant alleges that Plaintiffs and/or the members of the putative class cannot pursue a claim under California Business and Professions Code section 17200 as there is no injury to competition.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Not Properly Maintained as a Class Action)**

As a separate and twenty-first affirmative defense to the Complaint and to all purported causes of action set forth therein, Defendant alleges that this suit may not be properly maintained as a class action because (1) the Complaint fails to plead the necessary procedural elements for class treatment, (2) a class action is not an appropriate method for the fair and efficient adjudication of the claims raised in the Complaint, (3) common issues of fact and law do not predominate, (4) Plaintiffs' claims are not typical or representative of any alleged claims of the putative class, (5) there is not a well-defined community of interest in the questions of law and fact affecting Plaintiffs and the members of the putative class, and/or (6) the alleged putative class is not ascertainable.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

As a separate and twenty-second affirmative defense to the Complaint and to all purported causes of action set forth therein, Defendant alleges that the claims of Plaintiffs and/or the members of the putative class are barred by the applicable statute of limitations

including, without limitation, Civil Code §1783, Code of Civil Procedure sections 338, 339, 340 and 343, and California Business and Professions Code section 17208.

**TWENTY-THIRD FOURTH AFFIRMATIVE DEFENSE**

**(No Waiver of Affirmative Defenses)**

As a separate and twenty-third affirmative defense to the Complaint and to all purported causes of action set forth therein, Defendant alleges that it presently has insufficient knowledge or information as to whether it may have additional, as yet unstated, affirmative defenses available. Defendant reserves the right to assert additional affirmative defenses in the event that discovery indicates that such would be appropriate and necessary.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiffs take nothing by way of their Complaint;
2. That the Complaint be dismissed with prejudice in its entirety;
3. For costs of suit incurred herein; and
4. For such further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Defendant hereby demands a jury trial on all issues.

DATED: August 25, 2021

DILLINGHAM & MURPHY, LLP
WILLIAM F. MURPHY, ESQ.
JACK C. HENNING, ESQ
CYNTHIA C. CHEUNG, ESQ.
BERNICE K. WU, ESQ.

By: Jack C. Henning

Attorneys for Defendant and Crossclaimant
Andaman Ag Corporation

**CROSSCLAIM**

Pursuant to Federal Rule of Civil Procedure 13(g) Defendant and Cross-Claimant Andaman Ag Corporation ("Andaman") crossclaims against Cross-Defendants Agro Research International, LLC (Agro), Sentinel Biologics Inc. ("Sentinel"), and MOES 1-100 (collectively "Cross-Defendants") and alleges as follows:

**GENERAL ALLEGATIONS**

1. The jurisdiction of this Court over the subject matter of this action is predicated on supplemental jurisdiction under 28 U.S.C. §1367(a) because this action arises out of the same transactions and occurrences that are the subject matter of Plaintiffs' original action against Andaman, as provided by Federal Rule of Civil Procedure 14(a)).

2. Venue of this crossclaim is proper in this court pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the crossclaim occurred in this district.

3. Andaman is, and at all times mentioned herein was, a California corporation.

4. Andaman is informed and believes and thereon alleges that Agro is, and at all times mentioned herein, was a Florida limited liability corporation.

5. Andaman is informed and believes and thereon alleges that Sentinel is, and at all times mentioned herein was, a Texas corporation.

6. Andaman is ignorant of the true names of Cross-Defendants MOES 1 through 50 ("MOE Cross-Defendants"), inclusive, and has therefore sued them by the foregoing names which are fictitious, and is informed and believes and thereon alleges, that the MOE Cross-Defendants are legally responsible in some manner for the occurrences herein alleged and legally and proximately caused damages to Andaman as hereafter alleged. Andaman will amend the Crossclaim when the MOE Cross-Defendants' true names and capacities are ascertained. Each reference in this Crossclaim to "Cross-Defendants" or a specifically named Cross-Defendant refers also to all Cross-Defendants sued under such fictitious names.

7. Andaman is informed and believes, and on that basis alleges, that at all times relevant herein each Cross-Defendant, in addition to acting for itself, is and was acting as the agent, servant, employee and representative of, and with knowledge, consent and permission of, and in conspiracy with, each and all of the Cross-Defendants and within the course, scope and authority of that agency, service, employment, representation, and conspiracy. Andaman further alleges on information and belief that the acts of each of the Cross-Defendants were fully ratified by each and all of the Cross-Defendants.

8. On January 21, 2021, Plaintiffs filed a class action complaint against Agro in the underlying action (Case No. 4:21-cv-00518-DMR). On Aril 13, 2021, Plaintiffs filed a first amended complaint that, among other changes, added Andaman as a defendant. On June 15, 2021, Plaintiffs filed a second amended complaint that, among other changes, added Sentinel as a defendant.

9. The operative Complaint by the Plaintiffs alleges damages for Violation of Cal. Bus. Prof. Code §§ 17500, et seq., Violation of Cal. Bus. Prof. Code §§ 17200, et seq., Violation of Cal. Civ. Code §§ 1750, et seq., and Fraud. Said Complaint is incorporated herein by reference as though fully set forth herein, and said incorporation by reference is for the purpose of identification only, and by so doing, Andaman does not admit the truth of any allegations contained therein.

10. The Complaint alleges, among other things, that Plaintiffs suffered harm because they purchased the agriculture herbicide and fertilizer product named Weed Slayer based on representations that it was organic, when in fact it allegedly contained non-organic, synthetic herbicide that was inferior in value than what was promised. The Complaint alleges that Weed Slayer consists of a two-part mixture: Part A is the herbicide and Part B is a biological surfactant that enables the herbicide to penetrate through the leaves of plants. Part B is also called Agro Gold WS, which was advertised as an organic biological amendment but in reality allegedly contained synthetic herbicides glyphosate and diquat, both of which are allegedly prohibited for use in organic crop production. There have been no allegations that Part A contains synthetic chemicals such as diquat and glyphosate.

11. At all relevant times, Andaman was a distributor of the product that is the subject of Plaintiffs' underlying Complaint, Weed Slayer/Agro Gold WS.

12. Andaman is informed and believes, and on that basis alleges, Part B is a biological amendment that is produced by Cross-Defendants, including Sentinel, and is shipped to other Cross-Defendants, including Agro, in a powdered form. From there, Cross-Defendants, including Agro, added water and then packaged and sold the resulting product as "Agro Gold WS".

13. Andaman is informed and believes, and on that basis alleges, Cross-Defendants, including Agro, ordered the biological amendment powder for Agro Gold WS from other Cross-Defendants, including Sentinel, and that Cross-Defendants, including Sentinel, designed the formulation. At no time did Cross-Defendants ever inform Andaman that Agro Gold WS contained the synthetic chemical diquat and/or glyphosate.

14. On December 4, 2020, the California Department of Food and Agriculture ("CDFA") announced that lab analysis of Agro Gold WS "detected the presence of diquat and glyphosate, which are substances prohibited by the U.S. Department of Agriculture (USDA) National Organic Program for use in organic production." Prior to CDFA announcement of these results, Andaman had no knowledge that Agro Gold WS contained diquat or glyphosate.

15. Accordingly, the CDFA issued a Stop Use Notice and Statewide Quarantine and Removal from Sale Order for Agro Gold WS to all organic operations in California. Andaman has complied with CDFA's Notice and Order since it was issued.

**<u>FIRST CAUSE OF ACTION</u>**

**(Implied and Equitable Indemnity against All Cross Defendants)**

16. Andaman re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 15 of the above crossclaim.

17. Plaintiffs' Complaint alleges, among other things, conduct allegedly entitling Plaintiffs to an award of damages against Andaman, if any such damages can be proved.

18. Andaman is informed and believes that each of the Cross-Defendants was an active participant in the transactions and/or occurrences at issue in Plaintiffs' Compliant and is responsible totally, or in part, for the damages, if any, allegedly sustained by the Plaintiffs.

19. In particular, Andaman is informed and believes and thereon alleges that Sentinel, Agro, and other Cross-Defendants developed, designed, manufactured, and produced Weed Slayer and Agro Gold WS and were therefore responsible for ensuring that the product would be free of synthetic herbicides and that the product was properly and accurately labeled.

20. In the event that Andaman is found in some manner liable to Plaintiffs or any other individual or entity, either by judgment, settlement or otherwise as a result of the events

and occurrences described in Plaintiffs' Complaint or any other Complaints which may be filed herein, Andaman's liability is based solely upon a derivative, vicarious, or imputed form of liability, not resulting from its own conduct, but instead based upon an obligation imposed upon it by law. Therefore, in the event that Andaman is found in any manner liable, such liability was proximately caused by the acts or omissions of the Cross-Defendants, including Sentinel and Agro, Andaman is entitled to recover indemnity, whether total or partial, equitable or implied, including attorneys' fees and costs, from the Cross-Defendants, including Sentinel and Agro.

**SECOND CAUSE OF ACTION**

**(Contribution against All Cross-Defendants)**

21. Andaman re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 20 of the above crossclaim.

22. In equity and good conscience, if Plaintiffs or any other individual or entity recover against Andaman, then Andaman is entitled to an apportionment of liability and contribution among and from the Cross-Defendants, including Sentinel and Agro, and each of them, according to their respective liability or fault, for the injuries and damages allegedly sustained by Plaintiffs or any other individual or entity, if any, by way of any and all sums paid through settlement, or in the alternative, judgment rendered against Andaman in the underlying action.

WHEREFORE, Andaman prays for relief and demands judgment as follows:

1. For reasonable costs and attorney's fees incurred in defending against Plaintiffs' Complaint;

2. For damages in the amount of any judgment in favor of Plaintiffs against Andaman;

3. For costs of suit incurred herein including reasonable attorneys' fees to the maximum extent allowed by law; and

4. For such other and further relief as the court may deem just and proper.

///

**DEMAND FOR JURY TRIAL**

Cross-Claimant hereby demands a jury trial on all issues.

DATED: August 25, 2021

DILLINGHAM & MURPHY, LLP
WILLIAM F. MURPHY, ESQ.
JACK C. HENNING, ESQ
CYNTHIA C. CHEUNG, ESQ.
BERNICE K. WU, ESQ.

By: *Jack C. Henning*

Attorneys for Defendant and Cross-Claimant
Andaman Ag Corporation