UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS ROMERO, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>AGRO RESEARCH INTERNATIONAL LLC, et al.,<br><br>    Defendants. | Case No. 3:21-cv-00518-JD<br><br>**ORDER RE MOTIONS TO DISMISS**<br><br>Re: Dkt. Nos. 51, 52, 58, 67 |

Defendant Sentinel Biologics, Inc. (Sentinel) has asked to dismiss multiple complaints against it, namely plaintiff Romero's Second Amended Complaint, Dkt. No. 30, Agro Research International LLC's (Agro) Amended Third-Party Complaint, Dkt. No. 60, and Wilbur-Ellis Co., LLC's (Wilbur-Ellis) Crossclaims, Dkt. No. 35. *See* Dkt. Nos. 51, 58, and 67. The claims against Sentinel are based on its supply to Agro of a compound that is said to be non-organic for use in an herbicide and fertilizer that Agro marketed and sold as organic in California. Sentinel is headquartered in Texas, and challenges personal jurisdiction in this District. Dkt. Nos. 51, 58, and 67.

The Court declines to resolve the personal jurisdiction question on the patchwork factual record presently before it. A short period of discovery targeted solely at the jurisdiction issue is warranted. The motions to dismiss Romero's and Wilbur-Ellis's complaints, and Agro's amended complaint, Dkt. Nos. 51, 58, and 67, are terminated without prejudice to renewal if discovery so warrants.

The Court has written extensively on the governing standards for Sentinel's personal jurisdiction, which informs the discussion here. *See Daramola v. Oracle Am., Inc.*, No. 19-cv-7910-JD, 2020 WL 5577146 (N.D. Cal. Sep. 16, 2020). "In opposition to a defendant's motion to

dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is proper." *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). If the court does not require an evidentiary hearing, a plaintiff need only make a prima facie showing of personal jurisdiction. *Id.* Uncontroverted allegations in the complaint must be taken as true, and "[c]onflicts between the parties over statements contained in affidavits must be resolved in the plaintiff's favor." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004); *Boschetto*, 539 F.3d at 1015. On the other hand, the Court "may not assume the truth of allegations in a pleading which are contradicted by affidavit." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) (quotation omitted).

Where, as here, no federal statute authorizes personal jurisdiction, the Court applies the law of the state in which it sits. *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998). California's long-arm statute, Cal. Code Civ. Proc. § 410.10, is coextensive with the limits of the Constitution's due process clause, so the Court need only ensure that that clause permits its jurisdiction. *Schwarzenegger*, 374 F.3d at 800-01.

The parties filed a bumper crop of briefs and declarations contesting the facts relating to specific jurisdiction. *See, e.g.*, Dkt. Nos. 51, 52, 58, 61, 62, 63, 64, 67, 71, 72 (briefs); Dkt. Nos. 51-2, 52-2, 58-2, 61-1, 63-1, 63-2, 67-2, 67-3, 71-1, 72-1 (declarations). Each side disputes the other's evidence. Consequently, "a more satisfactory showing of the facts is necessary." *Boschetto*, 539 F.3d at 1020 (internal quotation omitted).

The parties are advised that, "for a court to exercise specific jurisdiction over a claim, there must be an 'affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State.'" *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1781 (2017) (quoting Goodyear, 564 U.S. at 919); *see also Walden v. Fiore*, 571 U.S. 277, 283-84 and n.6 (2014). Plaintiffs, Agro, and Wilbur-Ellis need to demonstrate that their claims arise out of Sentinel's contacts with this forum. *Bristol-Myers Squibb*, 137 S. Ct. at 1780-81.

The discovery will take the usual forms of document requests and interrogatories specifically tailored to flesh out the jurisdictional flash points. Without limiting the parties'

thinking, these appear to be whether Sentinel designed its component for Agro with the knowledge that it would be sold in California as an "organic product," Dkt. No. 61 at 5-6; Dkt. No. 71 at 4, and whether Sentinel was registered with the California Department of Food and Agriculture, demonstrating an intent to sell products within California, Dkt. No. 61 at 5.  To the fullest extent possible, Romero, Wilbur-Ellis, and Agro, should serve joint discovery requests on Sentinel to avoid duplicative work.  The Court emphasizes that the discovery should be targeted to evidence meeting the requirements for specific personal jurisdiction as discussed here.  The discovery must be completed by July 15, 2022.  Romero, Wilbur-Ellis, and Agro may also take one 7-hour deposition of a named Sentinel witness, or a Rule 30(b)(6) deposition of no more than 5 jurisdictional topics, or a combination of the two.

After the limited discovery is completed, Romero, Wilbur-Ellis, and Agro may file an amended complaint, cross-claim, or third party complaint, respectively, alleging the facts that they believe sufficient to demonstrate jurisdiction over Sentinel.  The amended complaints must be filed by August 8, 2022.  Sentinel may respond with a single renewed motion to dismiss the amended complaint, cross-claim, and third party complaint for lack of personal jurisdiction as appropriate.  Plaintiffs, Wilbur-Ellis, and Agro may file a single, joint opposition to that motion.

The case is stayed in all respects other than the jurisdictional discovery and the filing of the amended complaints and response.  Failure to comply with this order may result in dismissal with prejudice under Rule 41(b).

**IT IS SO ORDERED.**

Dated:  March 4, 2022

JAMES DONATO
United States District Judge

3